UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE TRAVEL COMPANION, LLC          :     CIVIL ACTION
                                   :     NO. 3:03 CV 0289(DJS)
VS.                                :
                                   :
FIRST NATIONAL BANK OF OMAHA       :

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT**

Plaintiff submits that the following issues of material fact are genuinely in dispute.

1. The document entitled "Marketing Agreement" sent by Allison Steen of FNB to Douglas Payette to TTC by email, and email attachment, under date of July 18, 2002 was an offer of a contract, not a "draft" of a potential contract. Deposition of Allison Steen, pp. 9-11, (Tab 4); email by Allison Steen to Payette of 7/18/02, attaching the contract ("Please see the attached contract") which is also Exhibit 21 of Steen Deposition (Tab 5); contract a/k/a "Marketing Agreement" which is also Exhibit 23 of Steen Deposition (Tab 6); deposition of Douglas Payette, pp. 49-50 and 56 (Tab 7); Steen Deposition (Tab 4), p. 31, Lines 7-17; email by Allison Steen to Payette, 7/22/02 ("I then drew up the contract accordingly") (Tab 8); Deposition of Susan Tieger of FNB (Tab 9), pp. 17-18.

2. The dates specified in Section 5 of the contract ("…2002 with completion…in the first quarter of 2003.") (Tab 11), along with the dates specified in the Power Point

presentation exchanged between the parties (October of 2002) (See Tab 6) constituted the "schedules" contemplated by the "Marketing Agreement". Deposition of Allison Steen (Tab 4) pp. 29-31 (discussing the scheduled activities contemplated by the agreement); Steen Deposition Exhibit 2, (schedule for statement insert copy) (Tab 10); "Marketing Agreement" (Tab 6) (providing for scheduled activities in paragraph 5 entitled "Marketing"); "Targeted Partnership Opportunities" Power Point presentation providing for an October 2002 statement insert test, and an October 24, 2002 coupon direct mail test promotion (Tab 11). Steen Deposition (Tab 4) pp. 20-21; p. 23, Lines 11-15; p. 38, Lines 6-7. Payette Deposition (Tab 7), pp. 59-60 and 77-78; Steen Deposition (Tab 4), p. 29. See Steen email, 6/22/02, with attached Power Point presentation (Tab 12); Blubaugh email, 5/1/02, with attached Power Point presentation (Tab 13); Steen email, 6/27/02, with attached Power Point presentation (Tab 14).

   3.  By accepting the offer of a contract made by FNB, without any change, Payette on behalf of TTC entered into a valid and enforceable contractual agreement with FNB. Deposition of Allison Steen, pp. 9-11, (Tab 4); email by Allison Steen to Payette of 7/18/02, attaching the contract ("Please see the attached contract") which is also Exhibit 21 of Steen Deposition (Tab 5); contract a/k/a "Marketing Agreement" which is also Exhibit 23 of Steen Deposition (Tab 6); deposition of Douglas Payette, pp. 49-50 and 56 (Tab 7); Steen Deposition

(Tab 4), p. 31, Lines 7-17; email by Allison Steen to Payette, 7/22/02 ("I then drew up the contract accordingly") (Tab 8); Deposition of Susan Tieger of FNB (Tab 9), pp. 17-18.

    4.    Some of the grounds on which FNB claims it chose not to go forward with the contract with TTC were that Payette, TTC's principal, was "confused" or "flighty" or "untrustworthy" or "bipolar".  See Susan Tieger Deposition (Tab 9), pp. 13-14.

                      PLAINTIFF
                      THE TRAVEL COMPANION, LLC.

By_____
        Gerald S. Sack
        Sack, Spector & Karsten
        836 Farmington Avenue
        West Hartford, CT  06119
        (860) 233-8251
        Federal Bar #ct05279

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed on this 29th day of April, 2004, to the following counsel of record:

R. Cornelius Danaher, Jr., Esq.
Calum B. Anderson, Esq.
Danaher, Tedford, Lagnese & Neal, P.C.
21 Oak Street
Hartford, CT 06106

Richard P. Jeffries, Esq.
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186

Clerk of the Court
United States District Court
450 Main Street
Hartford, CT 06103

_____
Gerald S. Sack